NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES SINES, *et al.*,<br><br>                            Plaintiffs,<br>v.<br><br>DARLING INGREDIENTS INC.,<br><br>                            Defendant. | Civil Action No.: 19-19121 (CCC)<br><br>OPINION |

**CECCHI, District Judge.**

**I.      INTRODUCTION**

This matter comes before the Court on the motion of Defendant Darling Ingredients Inc. ("Defendant") to dismiss Plaintiffs James and Manuela Sines and Jenell Jones' (collectively "Plaintiffs") amended class action complaint (ECF No.2, the "AC"). ECF No. 16.  The motion is decided without oral argument. Fed. R. Civ. P. 78(b).  For the reasons set forth below, Defendant's motion is DENIED.

**II.     BACKGROUND**

This proposed class action arises out of Defendants' alleged emission of noxious odors onto Plaintiffs' and putative class members' properties.  Defendant is a for-profit company in the business of producing commercial products such as feed and fuel out of animal byproducts and recycled cooking oils. AC ¶ 20.  Defendant operates a facility located at 825 Wilson Avenue, Newark, New Jersey (the "Facility") (id. ¶ 6), where it grinds and heats animal waste to render tallow, protein and meal byproducts and heats and refines used cooking oil to produce yellow grease and feed-grade animal fat (id. ¶¶ 24-30).  These operations produce pollutants such as

wastewater and organic sludge (id. ¶¶ 31-32), and they also emit noxious odors onto surrounding public and private land (id. ¶ 37).

The New Jersey Department of Environmental Protection ("DEP") and Defendant have received several public complaints regarding the Facility's emissions of noxious odors, and the DEP found that Defendant committed over three hundred permit violations in the period between September 1, 2018 and June 8, 2019, in its operation of the Facility. Id. ¶ 48.  According to Plaintiffs, Defendant is and has been aware of these public complaints, permit violations, and its obligation to install odor emission mitigation equipment, and Defendant has still failed to install and maintain such odor emission control strategies. Id. ¶¶ 40-41.

Plaintiffs and putative class members live within 1.75 miles of the Facility (the "Class Area"), and they contend that they have experienced and continue to experience physical discomfort and damage to their property rights as a result of the Facility's emission of noxious odors onto their properties. Id. ¶¶ 42-47.  Specifically, Plaintiffs describe the odors as smelling of "rotting animal carcasses," and they complain of physical discomfort, including nausea, eye and nasal irritation, and headaches as a result of the Facility's emission of noxious odors. Id. ¶¶ 44, 51. Furthermore, Plaintiffs assert that they cannot open their windows, go for walks, or use their outdoor spaces on their properties because of the noxious odors. Id. ¶¶ 42-47.  Thus, as a consequence of the Facility's emission of noxious odors, Plaintiffs and putative class members have allegedly suffered damages both in decreased property values and their decreased use and enjoyment of their properties. Id. ¶ 56.

Plaintiffs commenced this action on October 18, 2019 (ECF No. 1) and filed an amended complaint on October 29, 2019 (ECF No. 2).  Plaintiffs assert the following causes of action arising

from Defendant's alleged emission of noxious odors onto their properties:  (1) nuisance;[1] (2) trespass; (3) negligence; and (4) gross negligence.  On January 13, 2020, Defendant filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 16), and Plaintiffs filed an opposition (ECF No. 26), to which Defendant replied (ECF No. 27).  Plaintiffs have since provided the Court with two supplemental submissions. ECF Nos. 28, 29.

## III.    LEGAL STANDARD

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In evaluating the sufficiency of a complaint, the court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Furthermore, "[a] pleading that offers 'labels and conclusions' . . . will not do.  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citations omitted).

The party moving to dismiss under Rule 12(b)(6) bears burden of proof to show that no claim has been stated. *See Hedges v. U.S.*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).  During a court's threshold review,

---

[1] There are two types of nuisance under New Jersey law:  public nuisance and private nuisance. *Rowe v. E.I. Dupont De Nemours and Co.*, 262 F.R.D. 451, 458-63.  Plaintiffs plead nuisance generally under Count One, but they clarify in their opposition that Count One includes causes of action for both types of nuisance. ECF No. 26 at 8, 13.  The Court finds that Plaintiffs plead sufficient facts to put Defendants on notice as to the fact that they bring both private nuisance and public nuisance claims under Count One, and therefore, the Court will consider each of those claims in turn.

"[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Rockefeller Ctr. Props., Inc.*, 311 F.3d 198, 215 (3d Cir. 2002). If a claim is dismissed pursuant to Rule 12(b)(6), the plaintiff may be granted leave to amend or reassert the claim. *In re Burlington Coat Factory Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

### IV.  DISCUSSION

#### i.  Public Nuisance

"Under New Jersey law, a public nuisance consists of an unreasonable interference with the exercise of a right common to the general public." *Mayor & Council of Borough of Rockaway v. Klockner & Klockner*, 811 F. Supp. 1039, 1056 (D.N.J. 1993). "[T]o sustain a private claim on a public nuisance theory, 'a plaintiff must have suffered a harm of a greater magnitude and of a different kind than that which the general public suffered.'" *Baptiste v. Bethlehem Landfill Co.*, 965 F.3d 214, 221 (3d Cir. 2020) (citation omitted). Plaintiffs contend that Defendants' emission of noxious odors onto the land surrounding the Facility constitutes an unreasonable interference with the general public's right to uncontaminated and unpolluted air. AC ¶ 83. Furthermore, they assert their standing to bring a private cause of action based on the distinct harm to their rights as property owners within the Class Area. Id. ¶ 84.

Defendant raises several arguments for dismissal of Plaintiffs' public nuisance claim. First, it contends that Plaintiffs lack standing to bring a public nuisance claim because they fail to identify a special harm, distinct from the alleged harm to the general public. ECF No. 16-1 at 19. Specifically, they assert that because Plaintiffs and putative class members represent thousands of property owners who make up the entire community surrounding the Facility, they represent the

general public and thus, do not have standing to bring a private action for public nuisance. Id. at 19-20.

Defendant improperly conflates the circumstances and alleged harm to Plaintiffs and the putative class with that of the general public. The fact that Plaintiffs and putative class members represent a large portion of the community surrounding the Facility does not render them unable to bring a public nuisance claim. When assessing a party's standing to bring a private cause of action for public nuisance, the number of people suffering the special injury alleged is not so significant as is the quality of that injury. *Baptiste*, 965 F.3d 222. Here, Plaintiffs and putative class members are property owners in the Class Area, and they suffer injury to their property interests there that are distinct from the injury to the general public (including those who may work or pass through the Class Area) and their right to unpolluted air. Thus, the Court finds that Plaintiffs have adequately pled a special harm and have standing to bring a public action claim. *See Id.*, 956 F.3d at 221 (citation omitted) ("[Plaintiffs] seek to vindicate their right to use and enjoy their home and obtain the full value of their property—personal rights that are qualitatively different ('of a different kind') than the general, non-possessory right to clean air held in common with the community at large."); *see also Fresh Air for the Eastside, Inc. v. Waste Mgmt. of New York, L.L.C.*, 405 F. Supp. 3d 408, 443 (W.D.N.Y. 2019).

Second, Defendant argues that Plaintiffs' public nuisance claim is also barred because the Facility's operations are already heavily regulated by the State. ECF No. 16-1 at 27-28. However, Defendant does not cite to any authority supporting this contention under these circumstances, where operations are not in compliance with the relevant regulations.[2] Moreover, under the statute

---

[2] The Court notes that Defendant cites to *Township of Neptune v. State Department. of Environmental Protection*, 41 A.3d 792, 802 (N.J. Super. 2012), for the assertion that courts "'will not declare an activity to be a public nuisance, when the activity is subject to a comprehensive

regulating Defendant's emission of noxious odors, the New Jersey Air Pollution Control Act ("APCA"), N.J.S.A. § 26: 2C-1, *et seq.,* there is a specific provision stating that no such regulation excludes the right for a civil or criminal remedy for wrongful activity in violation of such regulation. *See* ECF No. 16 at 20 (citing N.J.S.A. § 26: 2C-21). Thus, while the State may have the means to enforce the control and mitigation of noxious odors from the Facility, the Court does not find this to be a basis for dismissal.

Third, Defendants' contention that Plaintiffs' public nuisance claim must be dismissed as duplicative of their negligence claim is without merit. "[T]he fact that the causes of action seek the same relief and involve the same factual predicate does not automatically make the causes of action duplicative." *Mayor & Council of Borough of Rockaway v. Klockner & Klockner*, 811 F. Supp. 1039, 1053 (D.N.J. 1993). Moreover, even if they are duplicative, plaintiffs may plead alternative claims at this early stage, and whether they are duplicative is an issue to be resolved once the factual record is further developed. *HUMB Opco LLC v. United Benefit Fund*, No. 16-168, 2016 WL 6634878, at *4 (D.N.J. Nov. 7, 2016). Thus, the Court need not determine whether Plaintiffs plead a duplicative claim warranting dismissal at this point in the litigation. *See Klockner*, 811 F. Supp. at 1053 ("It would be inappropriate at this early stage in the litigation to deprive [plaintiff] of the opportunity to pursue common law claims."). Based on the foregoing, the Court denies Defendant's motion to dismiss Plaintiffs' public nuisance claim under Count One.

---

legislative and regulatory scheme.'" ECF No. 16-1 at 27 (citing *Neptune*, 41 A.3d at 802). However, in *Neptune*, the plaintiffs argued that the DEP's failure to dredge certain navigational channels constituted a public nuisance, and thus, the plaintiffs were essentially asking that the court force the DEP, a state agency, to take certain action, where there was already a regulatory scheme in place dictating the DEP's responsibilities. *Id.* Although there may be regulations in place regarding Defendant's operation of the Facility, Defendant's numerous permit violations suggest that its alleged conduct in its operations of the Facility is not in compliance with any regulatory scheme, and therefore, the Court finds *Neptune* inapposite here.

### ii. Private Nuisance

"Under New Jersey law, 'private nuisance involves an invasion of another's interest in the private use and enjoyment of land,'" and to state a claim, a plaintiff must demonstrate the following: "unreasonable use by the defendant and 2) significant harm to the plaintiff." *Smith v. Honeywell Int'l Inc.*, No. 10-03345, 2011 WL 810065, at *3 (D.N.J. Feb. 28, 2011) (internal quotation marks and citations omitted). "A harm is significant if 'normal persons living in the community would regard the invasion in question as definitely offensive, seriously annoying or intolerable.'" *Id.* (citation omitted). Plaintiffs contend that Defendant's operations at the Facility produce noxious odors, and by failing to reasonably maintain odor mitigation strategies, Defendant has caused those noxious odors to enter Plaintiffs' and putative class members' properties, unreasonably interfering with their use and enjoyment of their properties and their properties' values. AC ¶¶ 74-76.

Defendant argues that the alleged harm to Plaintiffs and putative members is too widespread to constitute the type actionable as private nuisance. ECF No. 27 at 12-13. Specifically, Defendant avers that private nuisance actions are only available to limited numbers of people where they claim that the defendant's conduct has interfered with their interests on a neighboring or adjoining land. Id. at 13. However, "[w]hen a private or public nuisance is so widespread that it affects both public and private rights, it may be actionable as either public or private 'or both public and private.'" *Baptiste*, 965 F.3d at 223 (citation omitted). Therefore, a plaintiff may bring a private nuisance claim, even where the alleged harm is extensive enough to also constitute a public nuisance, and further, the injured properties need not be directly adjoining the defendant's property. *Id.* at 224; *see also Smith v. Honeywell Int'l Inc.*, No. 10-03345, 2011 WL 810065, at *4 (D.N.J. Feb. 28, 2011) (allowing plaintiffs' private nuisance claim to go forward on behalf of a class of Jersey City residents, not all of whom were neighboring the property

allegedly causing the nuisance); *see*, *e.g., In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*, 379 F. Supp. 3d 348, 423 (S.D.N.Y. 2005). Therefore, the Court will not dismiss Plaintiffs' private nuisance claim based on the size of the putative class or the Class Area.

Finally, Defendant argues that Plaintiffs' private nuisance claim still fails, as Plaintiffs do not adequately plead Defendant's allegedly unreasonable conduct or how Defendant's conduct caused a nuisance. ECF No. 27 at 14. However, Plaintiffs allege that Defendant was aware of the fact that its emission of noxious odors caused public complaints and permit violations, and nevertheless, it did not take any of the required steps to mitigate some of that harm. AC ¶¶ 48, 57. Furthermore, Plaintiffs assert that because Defendant failed to act reasonably, namely by taking the necessary odor mitigation measures, the noxious odors entered their properties and putative class members' properties. Id. ¶ 58. These allegations are sufficient to raise Plaintiffs' private nuisance claim above a speculative level, and therefore, it survives dismissal at this time. *See Baptiste*, 965 F.3d at 224 ("[B]ecause [plaintiffs] have alleged that their private property rights are being significantly and unreasonably infringed by the presence of noxious odors and air contaminants released by the [defendant] landfill, they have state both a private claim for public nuisance and a private nuisance claim.").

### iii. Negligence

"To succeed on a negligence claim under New Jersey law, a plaintiff must show 'that there was a duty on the part of the defendants toward the plaintiff, a breach of that duty, and evidence that the breach was the proximate cause of the injury.'" *Rowe*, 262 F.R.D. at 464 (citation omitted). Plaintiffs contend that Defendant owed a duty to Plaintiffs and putative class members to operate the Facility with care, and it breached that duty by failing to take the measures necessary to limit

the Facility's emission of noxious odors, which have caused harm to Plaintiffs' and putative class members' property rights. AC ¶¶ 88-93.

In response, Defendant argues that Plaintiffs fail to adequately plead the existence of any duty, as Plaintiffs' and putative class members' properties are too physically distant from the Facility. ECF No. 16-1 at 31-31.  However, the distance between Plaintiffs' property and the Facility is not dispositive on the issue of Defendant's duty of care.  Rather, "[t]he question of whether a duty to exercise reasonable care to avoid the risk of harm to another exists is one of fairness that implicates many factors," including: "the relationship of the parties, the nature of the attendant risk, the opportunity and ability to exercise reasonable care, and the public interest in the proposed solution." *Carvalho v. Toll Bros. & Developers*, 143 N.J. 565, 572, 675 A.2d 209, 212 (1996).

Here, the risks posed by the noxious odors alleged are great and extensive, as they may negatively impact the health and safety of Plaintiffs and putative class members and their private property rights.  Moreover, Defendant has had opportunities to manage and limit the emission of noxious odors and has allegedly failed to take any such action. AC ¶¶ 33, 40, 48.  Furthermore, there is a public interest in imposing a duty to avoid Defendant's infringement on the public's right to be free from polluted air (id. ¶ 83 ).  *See also Baptiste*, 965 F.3d at 228 ("[T]here is no longer any dispute that [defendant] has a common-law duty to operate the landfill in a manner that avoids any unreasonable risk of harm to the plaintiffs.").

Nevertheless, Defendant further argues that Plaintiffs fail to state how Defendant was negligent. ECF No. 16-1 at 34-36.  The Court does not find this argument persuasive.  As described above, Plaintiffs allege that Defendant knew of the harm caused by its odor emission (AC ¶ 48), and it failed to take reasonable measures to mitigate the emission of noxious odors onto Plaintiffs'

9

and putative class members' properties (id. ¶¶ 33, 40). At the pleading stage, the Court finds these allegations sufficient to raise Plaintiff's negligence claim above a speculative level. *See Smith v. Honeywell Int'l Inc.*, No. 10-03345, 2011 WL 810065, at *4 (D.N.J. Feb. 28, 2011) (finding that plaintiff's negligence claim survived motion to dismiss where plaintiff alleged that defendant had a duty to abate plaintiff's exposure to toxic waste, and it breached the duty by failing to take such action). As for any remaining factual disputes regarding Defendant's specific means of operating the Facility, they may be resolved through further discovery. *See Custin v. Wirths*, No. 12-910, 2016 WL 1157644, at *4 (D.N.J. Mar. 22, 2016) (denying defendants' motion to dismiss where it raised factual issues that could not be disposed of at the motion to dismiss stage).

### iv.     Gross Negligence

Gross negligence and negligence claims consist of the same elements: duty, breach, causation, and injury. "Gross negligence differs from negligence in terms of 'degree rather than . . . quality,' requiring proof " of 'wanton or reckless disregard for the safety of others.'" *In re Paulsboro Derailment Cases*, No. 12-7468, 2015 WL 5028301, at *8 (D.N.J. Aug. 18, 2015) (citations omitted). Plaintiffs contend that Defendant's continued emission of the noxious odors in spite of its knowledge of the complaints from the public and the reasonable steps that it should have taken to mitigate such emissions "constitutes gross negligence." AC ¶¶ 97-100.

Defendant argues that Plaintiffs' gross negligence claim lacks any factual support and must be dismissed. ECF No. 16-1 at 36-37. However, the Court finds that Plaintiff's allegations regarding Defendant's knowledge of the harm caused by odor emission, its numerous permit violations, and Defendant's apparent inaction and thus apparent reckless disregard for the safety and well-being of Plaintiffs and putative class members raise this claim of gross negligence, above a speculative level and thus, the Court will allow this claim to go forward at this time. *See Fresh*

*Air for the Eastside, Inc. v. Waste Mgmt. of New York, L.L.C.*, 405 F. Supp. 3d 408, 449 (W.D.N.Y. 2019) (finding that because plaintiffs alleged that defendants removed a mechanism that could have helped with odor control and failed to take action to respond to public complaints regarding odor emissions, their gross negligence claim survived dismissal); *Beck v. Stony Hollow Landfill, Inc.*, No. 16-455, 2017 WL 1551216, at *5 (S.D. Ohio May 1, 2017) (leaving the question of whether defendant's failure to take any action to reduce odor emission constituted gross negligence to the jury). Plaintiffs allege that Defendant failed to take any action to reduce the Facility's emission of noxious odors in spite of the fact that it was made aware of the harm caused and the steps that it could take to do so over many years. This alleged behavior rises to the level of "reckless disregard for the rights of others." *Fresh Air for the East Side*, 405 F. Supp. 3d at 450 (internal quotation marks and citation omitted). Therefore, Defendant's motion to dismiss Plaintiffs' gross negligence claim is denied.

    **v.**    **Trespass**

Under New Jersey law, "'[t]respass constitutes the unauthorized entry (usually of tangible matter) onto the property of another.' Thus, there are two elements to this claim: 1) an entry onto another's property, and 2) the entry is unauthorized." *Rowe v. E.I. Dupont De Nemours and Co.*, 262 F.R.D. 451, 462 (D.N.J. 2009) (citation omitted). Plaintiffs allege that Defendant negligently failed to maintain proper odor mitigation at the Facility, and as a result, the noxious odors have continued to enter and damage Plaintiffs' and putative class members' properties. AC ¶¶ 101-108.

Defendant first argues that Plaintiffs' trespass claim fails as a matter of law because courts in this District have rejected common law trespass claims in the context of environmental pollution. ECF No. 16-1 at 14. However, when courts in this District have dismissed common law trespass claims in pollution cases, they have generally only done so where the plaintiff has also

pled an alternative claim under a strict liability statute regulating pollution, which Plaintiffs have not done. *See Pub. Serv. Elec. & Gas Co. v. Newport Assocs. Dev. Co.*, 365 F. Supp. 3d 506, 522 (D.N.J. 2019) (dismissing plaintiff's common law trespass claim as superfluous where plaintiff had plausible strict liability claim against defendant for alleged pollution); *see, e.g., Heller Urban Renewal, LLC v. FER Boulevard Realty Corp.*, No. 13-431, 2014 WL 252106, at *7 (D.N.J. Jan. 23, 2014). Therefore, the Court will not dismiss Plaintiffs' trespass claim at this time.

Defendant further argues that Plaintiffs' trespass claim fails on the merits, as a plaintiff may only bring a trespass claim based on the unauthorized entry of *tangible* matter onto his or her property, and as odors are not tangible, they do not give rise to an actionable trespass claim. ECF No. 16-1 at 15. However, courts have allowed for trespass claims to go forward based solely on the alleged invasion of "microscopic deposits onto the property of another without their consent," *Smith v. Honeywell Int'l Inc.*, No. 10-03345, 2011 WL 810065, at *4 (D.N.J. Feb. 28, 2011) (citing *Ayers v. Jackson*, 106 N.J. 557, 618, 525 A.2d 287 (1987)). Moreover, courts have also allowed for trespass claims to go forward based on plaintiffs' allegations that defendants emitted noxious odors onto their properties. *Maroz v. Arcelormittal Monessen LLC*, No. 15-0770, 2015 WL 6070172, at *5 (W.D. Pa. Oct. 15, 2015), Therefore, the Court finds that the alleged invasion of the noxious odors in question onto Plaintiffs' and putative class members' properties may proceed as a claim for trespass.

Finally, Defendant argues that Plaintiffs' trespass claim also fails because they do not specify how the noxious odors entered their properties. ECF No. 16-1 at 16-17. However, to survive dismissal, a plaintiff need only plead unauthorized entry onto his or her property, and thus, the exact means by which the odors have entered Plaintiffs' and putative class members' property may be determined through further discovery. *See, e.g., Maroz*, 2015 WL 6070172, at *5.

vi.     **Punitive Damages and Attorney's Fees**

Plaintiffs seek punitive damages under Counts One and Two, and Defendant argues that Plaintiffs' allegations are insufficient to state a claim for punitive damages. ECF No. 16-1 at 38. The Court declines to dismiss Plaintiffs' claim for punitive damages under Count One at this time, as it is premature to do so at the pleadings stage, *King v. Hyundai Motor Mfg. Am., et al.*, No. 18-450, 2019 WL 458477, at *3 (M.D. Pa. Jan. 3, 2019). The Court also finds it premature to rule on Plaintiffs' request for attorney's fees under Count Three at this early stage in the litigation.

## V. CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss (ECF No. 16) is denied. An appropriate Order accompanies this opinion.

**DATED:** August 25, 2020

                            **CLAIRE C. CECCHI, U.S.D.J.**